# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**FOUNDATION SYSTEMS OF MICHIGAN, INC.**,
a Michigan corporation,

    Plaintiff

Case No.:

v.

**MCHALE CONSTRUCTION, LLC,**
a Michigan limited liability company,

    Defendant.

_____/

NOW COMES Foundation Systems of Michigan, Inc., a Michigan corporation ("FSM"), by and through its undersigned counsel, and submits this Complaint against Defendant McHale Construction, LLC ("McHale"), a Michigan limited liability company, for trademark infringement, unfair competition, cyber-piracy, and violation of the Michigan Consumer Protection Act.

## THE PARTIES

1. FSM is a Michigan corporation with a principal place of business in Livonia, Michigan.

2. McHale is a Michigan limited liability company with its primary place of business at 23590 Bicking Court, Farmington, Michigan 48336.

1

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1331, as this case arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Personal jurisdiction in this district is proper because Defendant is a citizen of Michigan and has solicited and conducted business within the State of Michigan.

4. Pendent or supplemental jurisdiction of this Court exists for the state law claims stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claims arise.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

6. Plaintiff FSM was founded in 2007 by Bob Genord ("Genord") and is the largest foundation repair and waterproofing contractor in Michigan.

7. FSM began using "FOUNDATION SYSTEMS OF MICHIGAN" and "DRY MICH" as trademarks (collectively the "FSM Marks") immediately after it was founded.

8. FSM has spent millions of dollars since 2008 establishing its identity with the FSM Marks. FSM uses the marks on all company promotional materials; The DRY MICH mark is used in FSM's website domain name (<DRYMICH.com>), in its jingle, and in its phone number.

9. FSM and its FSM Marks have been featured in major media news articles.

10. FSM has an A+ rating from the Better Business Bureau, and received Super Service Awards from Angie's List in 2013 and 2014.

11. In 2012 McHale began a campaign of misappropriating the FSM Marks to create confusion in the marketplace.

12. McHale created a website at the domain name <drymi.com> in 2012. McHale is not commonly known by "DRYMI" in any derivation. Besides the domain name <drymi.com>, McHale makes no use of the mark.

13. In proceedings under the Uniform Domain-Name Dispute-Resolution Policy before the National Arbitration Foundation (*Foundation Systems of Michigan, Inc. v Patrick McHale / McHale Construction*, FA1502001604289), McHale's principal, Patrick McHale, was ordered to transfer the <drymi.com> domain name to FSM.

14. *On the very same day* that it created <drymi.com>, McHale also registered the assumed name "ProDry Engineered Foundation Systems," which misappropriates part of FSM's prior existing name by including "Foundation Systems."

15. McHale uses <drymi.com> and the Engineered Foundations Systems mark for commercial gain. The website is used exclusively to advertise McHale's

goods and services in Ohio and Michigan. These goods and services relate to foundation and crawl space repair, basement waterproofing, and concrete lifting and leveling.

16. The goods and services McHale offers are substantially the same as those offered by FSM, and McHale offers these goods and services in the same geographic area as FSM.

17. FSM's <drymich.com> and McHale's <drymi.com> websites are similar in appearance: both have their logo in the upper left corner of the page and both feature predominantly blue and red color schemes.

18. FSM is the exclusive area distributor of Basement Systems' Waterguard® basement waterproofing system. A picture of this system is featured on <drymi.com>.

19. McHale was put on notice of the confusing similarities between the FSM Marks and the marks used by McHale on November 17, 2014, but refuses to cease using the marks.

## COUNT I
### (FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT)

20. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

21. The FSM Marks are well established and serves to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively with FSM, which has an exceptional reputation in the industry.

22. As evidenced by FSM's long, continued, and exclusive use since 2012, the FSM Marks have acquired distinctiveness and secondary meaning within the market for foundation repairs and waterproofing in FSM's service area.

23. Defendant, in connection with foundation repair and waterproofing contracting goods and services in Ohio and Michigan, has used and continues to use, the DRYMI mark in commerce in a manner which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with FSM, and to the origin, sponsorship, or approval of Defendant's goods, services, and/or commercial activities of FSM.

24. The Defendant's use of the DRYMI mark constitutes false designation of origin, false description, and false representation in interstate commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25. Defendant admits to having had actual and constructive knowledge of the use and ownership by FSM of the DRY MICH mark and was aware of the advertising and promotional activities sponsored by Plaintiff prior to his use of the <drymi.com> domain name.

26. Defendant, in connection with foundation repair and waterproofing contracting goods and services in Ohio and Michigan, has used and continues to use the assumed name ProDry Engineered Foundation Systems in a manner which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with FSM, and to the origin, sponsorship, or approval of Defendant's goods, services, and/or commercial activities of FSM.

27. The Defendant's use of the ProDry Engineered Foundation Systems mark constitutes false designation of origin, false description, and false representation in interstate commerce in violation of §43(a) if the Lanham Act, 15 U.S.C. §1125(a).

28. Defendant admits to having had actual and constructive knowledge of the use and ownership by FSM of the Foundation Systems of Michigan mark and was aware of the advertising and promotional activities sponsored by Plaintiff prior to his use the ProDry Engineered Foundation Systems assumed name.

29. As a proximate result of Defendant's actions, FSM has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable.

30. An award of monetary damages alone cannot fully compensate FSM for its injuries and FSM lacks an adequate remedy at law.

## COUNT II
## (CYBERPIRACY UNDER §43(d) OF THE LANHAM ACT)

31. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

32. FSM is the owner of the DRY MICH mark.

33. FSM has used and is using the DRY MICH mark for commercial purposes, including without limitation the Internet domain name <drymich.com>.

34. On information and belief, the defendant McHale is the authorized licensee of the domain name <drymi.com>.

35. The domain name <drymi.com> was confusingly similar to the DRY MICH mark at the time of registration.

36. The DRY MICH mark was distinctive at the time the domain name <drymi.com> was registered.

37. Defendant registered and has subsequently used the domain name <drymi.com> with a bad faith intent to profit from the confusingly similar mark owned by FSM, without reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful, and with the intent to tarnish the DRY MICH mark by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

## COUNT III
## (STATE UNFAIR UNCOMPETITION – MICHIGAN COMMON LAW)

38. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

39. By their acts alleged herein, Defendants have engaged in trademark infringement and unfair competition under the common law of the State of Michigan.

40. Defendant's use of the mark DRYMI is confusingly similar to Plaintiff's use of the mark DRY MICH.

41. Defendant's use of the mark ProDry Engineered Foundation Systems is confusingly similar to Plaintiff's use of the mark Foundation Systems of Michigan.

42. Defendant has intentionally deceived the public by misrepresenting that Defendant's services being offered are those of FSM's, thereby appropriating to Defendant the reputation FSM has acquired for its own services.

43. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

44. By reason of the acts of Defendant alleged herein, FSM has suffered, is suffering and will continue to suffer irreparable damage and, unless, said Defendants are restrained from continuing its wrongful acts, the damage will be increased.

8

45. FSM has no adequate remedy at law.

## COUNT IV
## (VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT ("MCPA")

46. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

47. Defendant's conduct of a business providing goods and services primarily for personal, family or household purposes constitutes "trade or commerce" within the meaning of 445.902(1)(g) of the Michigan Consumer Protection Act ("MCPA"), MCL §445.901, et seq.

48. Defendant's conduct, as set forth above, is prohibited by the MCPA. (MCL §445.903). Defendant's unlawful actions include causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services and representing that its goods or services have sponsorship, approval and/or certification that they do not have.

49. Plaintiff has suffered loss and substantial damages as a proximate result of Defendant's actions and is entitled to actual or statutory damages together with reasonable attorney fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Enter judgment that Defendant has engaged in unfair competition and used false designations of origin, false descriptions, and false representations, in bad faith and in willful violation of 15 U.S.C. §1125(a), and, with bad faith intent to profit from FSM's DRY MICH mark, has registered, trafficked in, and used, a domain name confusingly similar to FSM's DRY MICH mark in violation of 15 U.S.C. §1125(d).

B.     Award actual or statutory damages for Defendant's violation of 15 U.S.C. §1125(d)(1) in an amount of not less than $1,000.00 and not more than $100,000 per domain name, as the court considers just.

C.     Issue a preliminary injunction and thereafter a permanent injunction under 15 U.S.C. §1116(a) ordering Defendant and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing the name or marks "DRYMI," or "ProDry Engineered Foundation Systems" or any colorable imitation of the FSM Marks, and to file with the court and serve on the Plaintiff within thirty (30) days of service on Defendant of such injunction a report in writing

under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

D. Issue an order under 15 U.S.C. §1118 ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the accused marks or colorable imitation of the FSM Marks, shall be delivered and destroyed.

E. Enter declaratory judgment that Defendant's conduct is unlawful under the MCPA, enjoin further unlawful acts, and award all damages, including costs and reasonable attorney fees, as authorized by that Act.

F. Award damages to the Plaintiff as provided under 15 U.S.C. §1117(a), including the Defendants' profits, three times the actual damages sustained by Plaintiff, and reasonable attorney fees to the Plaintiff as prevailing party, or if the court shall find that the amount of recovery based on profits is either inadequate or excessive, to award in its discretion judgment for such sum as the court shall find to be just, according to the circumstances of this case, and the costs of this action.

G. Such other and further relief as this Court deems appropriate.

## **JURY TRIAL DEMAND**

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a jury trial of all issues triable by jury.


Dated: March 23, 2015         CARLSON, GASKEY & OLDS, P.C.

/s/ Brian B. Brown
Brian B. Brown (P62733)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan 48009
 (248) 988-8360
bbrown@cgolaw.com